# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### On-Briefs February 27, 2006

## DANIEL R. BEAIRD, ET AL. v. WILLIE ROGERS, ET AL.

### A Direct Appeal from the Circuit Court for Lauderdale County
### No. 5966    The Honorable Joe H. Walker, III, Judge

---

### No. W2005-02179-COA-R3-CV - Filed May 19, 2006

---

Plaintiffs/Appellees obtained a judgment on a detainer warrant in the General Sessions Court at Lauderdale County requiring the Defendants/Appellants to relinquish possession of the residence at 465 Maple Hill Circle in Ripley, Tennessee. The Defendants/Appellants filed a de novo appeal as of right in the Circuit Court at Lauderdale County. The circuit court affirmed the judgment of the sessions court. Appellants appeal. We affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Willie and Brenda Rogers Pro se

Charles M. Agree, Jr., of Dyersburg, Tennessee for Appellees, Daniel R. Beaird and Marvin Land

### MEMORANDUM OPINION[1]

Daniel R. Beaird and Marvin Land (together "Beaird & Land," "Plaintiffs," or "Appellees") are partners in a general contracting and construction company. In June 1996, Beaird & Land entered into an agreement with Brenda and Willie Rogers (together the "Rogers," "Defendants," or "Appellants") to build a house at 465 Maple Hill Circle in Ripley, Tennessee (the "Property").

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Shortly after construction began, a dispute arose between the parties regarding payments. On May 2, 1997, Beaird & Land filed a Complaint in the Chancery Court of Lauderdale County seeking enforcement of the building contract and/or enforcement of a materialman's lien against the Property. The parties ultimately reached an agreement whereby on June 6, 1997, the Rogers executed an installment note in the amount of $28,900.00, plus 10% interest to Beaird & Land, payable in twenty-three monthly installments and one balloon payment. The Note was secured by a Deed of Trust in favor of Beaird & Land, recorded on June 6, 1997, in the Registers Office of Lauderdale County at Record Book 382 Page 532.

The Rogers paid according to the terms of the Note and, when the balloon payment came due, the Rogers' debt was restructured. The Rogers executed a second Installment Note on September 13, 1999, in the amount of $27,380.13, plus 10% interest, payable in 180 monthly installments of $294.23, secured by a Deed of Trust recorded on September 13, 1999 in the Registers Office of Lauderdale County in Record Book 420 Page 623.

In 2005, the Rogers defaulted on their payments under the second note. On March 29, 2005, Beaird & Land's attorney sent a letter to the Rogers, which notified them of the impending foreclosure sale. On April 22, 2005, Beaird & Land purchased the Property at the foreclosure sale for the balance due on the second note and acquired title to the property by trustee's deed recorded in Book 528 Page 814, Register's Office of Lauderdale County, Tennessee. On April 22, 2005, Beaird & Land's attorney sent a second letter to the Rogers, demanding possession of the property within ten days.

On May 5, 2005, Beaird & Land filed a "Detainer Warrant" against the Rogers in the General Sessions Court at Lauderdale County seeking possession of the Property. On May 17, 2005, the general sessions court issued a judgment for possession in favor of Beaird & Land. The Rogers appealed the general sessions decision to the Circuit Court of Lauderdale County. The case was heard by the circuit court and, on August 5, 2005, the trial court issued its Order, which reads, in pertinent part, as follows:

> Defendants maintain that the land is theirs and that they should not be made to move. They maintain that the plaintiffs should be required to move the house that plaintiffs built pursuant to the contract. The defendants have been living in the house for several years.
> A house build on land is deemed to be a part of the realty upon which it is attached. Memphis Housing Authority v. Memphis Laundry, supra; Knoxville Gas Co. v. W.I. Kirby & Sons, 161 Tenn. 490, 32 S.W.2d 1054 (Tenn. 1930); Hubbard v. Hardeman County Bank, 868 S.W.2d 656 (Tenn. Ct. App. 1993). A trustee's deed

pursuant to a lawful foreclosure transfers title to the realty and the house built thereon.

The court finds that plaintiffs are entitled to possession of the premises as described in the trustee's deed executed April 22, 2005 and recorded in Book 528, page 814.

It is therefore ORDERED that judgment is entered in favor of the plaintiff against the defendant for possession of the premises, plus costs. Execution may issue, if necessary.

The Rogers brought the instant appeal *pro se.* After carefully reviewing the Rogers' brief and the record in this case, we are unable to determine exactly what issues the Rogers are seeking to raise in this appeal. Beaird & Land, as purchasers of the Property in question at a foreclosure sale, had the right to obtain possession of the property by an action of forceable entry and detainer. ***Griffith v. Brackman***, 37 S.W. 273 (Tenn.1896). Inasmuch as it does not appear from the brief or the record that the Rogers are claiming that Beaird & Land lack standing or proper title upon which to bring the detainer action, we can find no basis upon which to reverse the trial court's action.

Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the Appellants, Willie D. Rogers and Brenda T. Rogers, and their surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-3-